IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2001 Session

## BARBARA K. COCHRAN v. JACKIE D. COCHRAN, ET AL.

Appeal from the Chancery Court for Jefferson County
No. 95-047     Rex Henry Ogle, Chancellor by Interchange

FILED MARCH 19, 2002

No. E2001-00848-COA-R3-CV

This is a suit wherein the Plaintiff, Barbara K. Cochran, sues her former husband, Jackie D. Cochran, seeking specific performance of her claimed right of first refusal to purchase certain real estate. Thomas M. Crawford and his wife, who had purchased the property from Mr. Cochran, were also made parties Defendant. The Trial Court found that Mr. Cochran had met his obligation to give Ms. Cochran the right to purchase the property in accordance with her right of first refusal and that she had declined to accept the offer. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Clinton R. Anderson, Morristown, Tennessee, for the Appellant, Barbara K. Cochran

James R. Scroggins, Jefferson City, Tennessee, for the Appellee, Jackie D. Cochran

O. D. Bridges, Jefferson City, Tennessee, for the Appellees, Thomas M. Crawford and wife Mary Ruth Crawford

## OPINION

This is a suit seeking specific performance of the Plaintiff, Barbara K. Cochran's right of first refusal against her former husband, Jackie D. Cochran as to an unimproved 9.90-acre tract. Thomas M. Crawford and wife Mary Ruth Crawford, who purchased the property in question from Mr. Cochran, were also parties Defendant. The Trial Court held that because Ms. Cochran "never accepted, rejected or exercised" the offer to sell the property in question to her she was precluded

from insisting upon the right of first refusal. Ms. Cochran appeals contending the Trial Court was in error in its determination.

In this non-jury case, our review is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the trial court's factual findings are correct. Tenn.R.App.P. 13(d). We must honor that presumption unless we find that the evidence preponderates against the trial court's factual findings. Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law, however, are not accorded the same deference. Campbell v. Florida Steel Corp., 919 S.W.2d 26, 35 (Tenn. 1996).

We will now detail in chronological order the facts necessary for disposition of this appeal:

1. Final decree of divorce in the case of Ms. Cochran and Mr. Cochran, filed on November 22, 1988, which incorporated their marital dissolution agreement which contained the following provision:

> (8). The parties own a one-third (1/3) undivided interest in a tract of unimproved real property in Jefferson County, Tennessee, purchased from Martha Glass, secured by a purchase money note to First American National Bank, Jefferson City, Tennessee. Wife shall quit-claim to husband her interest in said property, and husband shall assume the obligation of the parties hereto to said bank on this loan and hold the wife harmless from any liability thereon. In addition, husband shall execute for recording purposes a right of first refusal to wife, her son Jason Rankin, and her brother, Lowell Kirk, to purchase the interest of husband in said property upon the same terms and conditions as offered to a prospective purchaser.

2. Quit-claim deed dated November 22, 1988, whereby Ms. Cochran conveyed to Mr. Cochran all her right, title and interest in the 9.90-acre tract. This deed also contained a provision regarding Ms. Cochran's right of first refusal:

> In the event that second party shall decide, after acquiring the interest of first party in the property herein described, to sell his 1/3 undivided interest in said property, or in the event of a partition (sic) thereof, to sell the property partitioned to him, he shall first offer the property to first party, and her son, Jason Rankin and her brother, Lowell Kirk, for the price and on the terms of the intended sale. The beneficiaries of this option, or any of them, shall have 30 days from such offer in which to accept or reject the same.

3. Letter dated December 24, 1993, from Mr. Cochran to Ms. Cochran, which reads as follows:

December 24, 1993

Barbara K. Cochran
774 Mt. Horeb Rd.
Jefferson City, Tennessee 37760

Barbara,

I regret to inform you that I will have to sell the 9.9 acre tract of land on Tom Breeden Road. This is the same parcel that was purchased from Martha Glass on January 7, 1987. Annual losses and my current financial situation will not permit me to continue to carry the mortgage on the said parcel of land.

According to the divorce decree, Jason Rankin, Lowell Kirk, and yourself, shall have first offer to purchase said property. Please advise the other two individuals of the intended sale. The property will be sold for $40,000.00 which includes the recently constructed barn on the property. No farm equipment will be sold with the land.

According to the terms of the divorce decree and quit claim deed, you and the other two parties have thirty days to purchase the property or reject the offering to purchase said property. Please let this letter serve as notice of the intended sale of real estate as of the date received.

Sincerely,

/s/ Jackie D. Cochran
Jackie D. Cochran, Sr.

4   Letter dated January 25, 1994, from Ms. Cochran to Mr. Cochran, which contains a paragraph regarding the 9.90 acres:

In regards to your statement about selling the 9.9 acres, I'm sure you are aware of your responsibility to confirm that information to me, detailing the terms of your deal, with a completed copy of your notarized sale contract, plus you will have a 1099 that needs equal attention for IRS purposes. An unconfirmed threat from you to sell the property for "$40,000" does not serve as proper notification

5.  Certified letter dated February 25, 1994, with return receipt requested, from Mr. Cochran to Ms. Cochran, to the following effect:

February 25, 1994

CERTIFIED MAIL RETURN RECEIPT REQUESTED - P 292 270 013

-3-

Barbara K. Cochran
774 Mt. Horeb Rd.
Jefferson City, Tennessee 37760

Dear Barbara:

As you are aware, when you and I divorced, we were the owners of a 1/3 undivided interest in a tract of property in Jefferson County comprised of 9.90 acres, and located on Tom Breeden Road. According to our divorce, you quit-claimed your interest in the property to me. However, you, your son, Jason Rankin, and your brother, Lowell Kirk, were to have the right of first refusal in the event I chose to sell my undivided interest in the land. I now desire to offer this 1/3 interest for sale, at a price of $8,333.34, to be paid in cash. This letter is to notify you of the intended sale, and to offer the 1/3 interest to you upon these terms, so as to satisfy your right of first refusal. As you know, you have 30 days within which to accept or reject the offer. If you do not act within that time, I will sell the property on these terms to another buyer. By copy of this letter I am notifying Jason Rankin and Lowell Kirk, and offering the property to them upon the same terms.

Sincerely yours,

/s/ Jack Cochran
Jack Cochran

JC/sdb

cc: Jason Rankin
    CERTIFIED MAIL RETURN RECEIPT REQUESTED - P 292 270 015

    Lowell Kirk
    CERTIFIED MAIL RETURN RECEIPT REQUESTED - P 292 270 016

6. Letter dated March 22, 1994, from Ms. Cochran to Mr. Cochran regarding the 9.90 acres, the last paragraph of which reads as follows:

I have not yet received a formal signed contract of intent from you regarding any proposal for purchase of the 9.9 acres. Please remit as soon as possible. Each of your statements to me are completely contradictory of each other. First, you threaten one thing, then you threaten something totally different regarding the land. I do not understand your conflicting statements.

7.  Warranty deed dated April 6, 1994, from Mr. Cochran and his wife Sylvia A. Cochran to Thomas W. Crawford and his wife Mary Ruth, conveying the 9.90-acre tract.  This deed recites the following regarding the right of first refusal:

> By deed dated November 22, 1988, and recorded in Warranty Deed Book 327, Page 456, Register's Office, Jefferson County, Tennessee, Jackie D. Cochran acquired the interest of Barbara K. Cochran in and to the premises, subject to a certain right of first refusal as stated in the said deed.  By letter dated February 28, 1994, the above premises were offered to all the beneficiaries of the right of first refusal for the price, and upon the terms of this sale.  None of the beneficiaries of the right of first refusal accepted or rejected the offer as stated in the letter of February 28, 1994, within thirty (30) days, and thus the right of first refusal expired, according to its terms as stated in the deed of record in Warranty Deed Book 327, Page 456, Register's Office, Jefferson County, Tennessee.

Ms. Cochran makes two arguments.  First she says that she is entitled to a first refusal as to the entire tract of 9.90 acres, rather than a one-third interest.  Secondly, she says the certified letter of February 25, 1994,  was not sufficiently definite to require her to respond either in the affirmative or the negative, and her refusal to do so did not vitiate her first refusal right.

In all deference to Ms. Cochran, we think it abundantly clear that the right of first refusal only applied to her interest in the property at the time it was granted, which was a one-third interest.  Indeed, the provision found in the divorce decree above noted speaks specifically of a one-third undivided interest.  Also, the marital dissolution agreement--which granted the right--speaks of "the interest of husband in said property."  Moreover, the quit-claim deed which references Ms. Cochran's right also references "the husband's one-third undivided interest in said property."

As to the efficacy of Mr. Cochran's certified letter of February 25, 1994, he offered "this 1/3 interest for sale, at a price of $8,333.34, to be paid in cash."  Given the fact that Ms. Cochran was represented throughout this controversy and her attorney prepared the quit-claim deed and the further fact the sales price for the 9.90 acres conveyed to the Crawfords was, without question, $25,000, we conclude that the evidence does not preponderate against the finding of the Trial Judge that the certified letter of February 25, 1994, which tracks the language in the quit-claim deed, fulfilled Mr. Cochran's obligation under the right of first refusal.

We accordingly find that the Trial Judge was not in error in his determination and his judgment is affirmed.  The cause is remanded to the Trial Court for collection of costs below. Costs of appeal are adjudged against Ms. Cochran and her surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

-5-